**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

| | |
|---|---|
| **TOMMY E. LAMPLEY,** | ) |
| | ) |
|       **Plaintiff,** | ) |
| | )   **CAUSE NO.  3:05-CV-808 AS** |
|    v. | ) |
| | ) |
| **OFFICER JOHN DOE,** *et al.*, | ) |
| | ) |
|       **Defendants.** | ) |

***OPINION AND ORDER***

Tommy E. Lampley, a *pro se* prisoner, submitted a complaint under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. PRO. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). *Weiss v. Colley*, 230 F.3d 1027 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
> In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in

> a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Mr. Lampley alleges that he was attacked by another inmate. Under the Eighth Amendment, "prison officials have a duty to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (citations and internal punctuation omitted). When one inmate attacks another, the Eighth Amendment is violated only if "deliberate indifference by prison officials effectively condones the attack by allowing it to happen . . .." *Halley v. Gross*, 86 F.3d 630, 640 (7th Cir. 1996).

> [C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, *i.e.,* the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so.

*Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (quotation marks, brackets, and citation omitted).

> Negligence on the part of an official does not violate the Constitution, and it is not enough that he or she should have known of a risk. Instead, deliberate indifference requires evidence that an official actually knew of a substantial risk of serious harm and consciously disregarded it nonetheless.

*Pierson v. Hartley*, 391 F.3d 898, 902 (7th Cir. 2004) (citations omitted). Deliberate indifference is "something approaching a total unconcern for [the plaintiff's] welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm." *Duane v. Lane*, 959 F.2d 673, 677 (7th Cir. 1992). This total disregard for a prisoner's safety is the "functional equivalent of wanting harm to come to the prisoner." *McGill v. Duckworth*, 944 F.2d 344, 347 (7th Cir. 1991). It is not enough to show that a defendant merely failed to act reasonably. *Gibbs v. Franklin*, 49 F.3d 1206, 1208 (7th Cir. 1995). Deliberate indifference can be inferred only where defendants know there is a strong likelihood rather than a mere possibility that violence will occur. *Watts v. Laurent*, 774 F.2d 168, 172 (7th Cir. 1985). Prison officials cannot be expected to eliminate the possibility of all attacks because the prison system is always potentially dangerous and sometimes explosive. *McGill v. Duckworth*, 944 F.2d 344, 345 (7th Cir. 1991) ("Prisons are dangerous places"). Thus, the right to reasonable protection does not include the right to protection from random acts of violence. *See, McGill v. Duckworth*, 944 F.2d 344, 348 (7th Cir. 1991) ("some level of brutality . . . among prisoners is inevitable no matter what guards do").

Mr. Lampley alleges that an unknown correctional officer worked IDU Eastside recreation on October 24, 2005 both before and after 9:50 a.m.

> Defendant John Doe who worked IDU Eastside had knowledge that a inmate in the first recreation group didn't lock back in his cell and was waiting in the shower to harm Plaintiff who was to come out in the next group. Defendant had entered the range from a side door

3

> connected to some bars from the cat-walk. Defendant John Doe then approached the back shower, and engaged in conversation with inmate in shower in the first recreation group. Then the Defendant had full knowledge that a inmate was in the shower with intentions to harm me. Defendant then exited the same way he entered the range of Eastside and glanced over at plaintiff cell #130 with a grin on his face. Then when Defendant got back up front, he had knowledge that he had left that inmate from the first recreation group hide and wait, inmate in the shower. Defendant never said a word about it to unit officers that worked on the first shift with him about inmate in shower. Defendant owed Plaintiff a duty of reasonable care to protect from a known risk of harm from other prisoners. Defendant John Doe breached that duty when he rolled the bars for the next group to come out.

Complaint at 2-3, docket # 1. Additionally, Mr. Lampley alleges that Correctional Officer John Doe watched the attack, smiled, laughed, and delayed calling other guards to stop the attack. This alleges far more than deliberate indifference, this alleges that Correctional Officer John Doe collaborated with the inmate attacker to facilitate and perpetuate the attack. This states an individual capacity, monetary claim for compensatory and punitive damages.

Mr. Lampley also alleges that an unknown Lieutenant, Assistant Superintendent Buss, and Superintendent Cecil Davis knew that he had been previously attacked in another prison, that other attacks had occurred in IDU, that cameras on IDU did not work, and that rules requiring Correctional Officer John Doe to be on the range at the time of the attack were not enforced.

> The doctrine of respondeat superior can not be used to hold a supervisor liable for conduct of a subordinate that violates a plaintiff's constitutional rights. Supervisory liability will be found, however, if the supervisor, with knowledge of the subordinate's conduct, approves of the conduct and the basis for it. That is, to be

4

> liable for the conduct of subordinates, a supervisor must be personally involved in that conduct. Supervisors who are merely negligent in failing to detect and prevent subordinates' misconduct are not liable. The supervisors must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see. They must in other words act either knowingly or with deliberate, reckless indifference.

*Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001) (citations and quotation marks omitted). Here, Mr. Lampley does not allege that Lt. John Doe, Assistant Superintendent Buss, nor Superintendent Davis knew of or condoned Correctional Officer John Doe's collaboration with an inmate to facilitate and perpetuate an attack on him. Indeed, Mr. Lampley states that the unknown correctional officer "never said a word about it to unit officers that worked on the first shift with him . . .." Complaint at 2, docket # 1. At best, the facts alleged in this complaint are that these other three defendants were "negligent in failing to detect and prevent [Correctional Officer John Doe's] misconduct." *Chavez* at 651. The facts alleged do not support an allegation of deliberate indifference by these three other defendants.

Mr. Lampley also alleges that, by taking his personal property and legal paperwork, his "confidential relationship with courts and attorney general has been breached . . .." Complaint at 7, docket # 1. The Fourteenth Amendment provides that state officials shall not "deprive any person of life, liberty, or property, without due process of law", but a state tort claims act that provides a method by which a person can seek reimbursement for the negligent loss or

5

intentional depravation of property meets the requirements of the due process clause by providing due process of law. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) ("For intentional, as for negligent deprivations of property by state employees, the state's action is not complete until and unless it provides or refuses to provide a suitable postdeprivation remedy.") Indiana's tort claims act (INDIANA CODE § 34-13-3-1 *et seq.*) provides for state judicial review of property losses caused by government employees, and provides an adequate post-deprivation remedy to redress state officials' accidental or intentional deprivation of a person's property. *Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) ("Wynn has an adequate post-deprivation remedy in the Indiana Tort Claims Act, and no more process was due.") Even the theft of legal materials is merely a property loss if the papers are replaceable. *Hossman v. Spradlin*, 812 F.2d 1019 (7th Cir. 1987).

Though he argues that he is being denied due process because he needs this paperwork to try a pending claim, the due process to which he is entitled in that case has not been denied. The trial of that case was continued as a result of this attack and any due process violations which might arise are not yet ripe. Indeed, it is entirely possible that such issues may be resolved in that case without any loss of due process. For these reasons, it is not reasonable to infer, that his legal paperwork is irreplaceable. Therefore he does not state a claim under §1983.

> Furthermore,
>
>> [m]ail from the courts, as contrasted to mail from a prisoner's lawyer, is not legal mail. *See Martin v. Brewer*, 830 F.2d 76, 78 (7th Cir. 1987) ("With minute and irrelevant exceptions all correspondence from a court to a litigant is a public document, which prison personnel could if they want inspect in the court's files.").

*Keenan v. Hall*, 83 F.3d 1083, 1094 (9th Cir. 1996). So to, mail from a litigant to the court is also a public record. The attorney general does not represent Mr. Lampley and he cannot expect that he has a confidential relationship with the lawyers who represent the Indiana Department of Correction and its employees. Therefore these claims will be dismissed.

> Mr. Lampley has one surviving claim against one unknown defendant but
>
>> it is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under FED. R. CIV. P. 15, nor can it otherwise help the plaintiff.

*Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (citations omitted). Nevertheless, in such circumstances, service may be made on a senior official for the purpose of identifying the actual name of the defendant whose name the plaintiff does not know. *Antonelli v. Sheahan*, 81 F.3d 1422, 1428 (7th Cir. 1996). Therefore, even though he does not state a claim against Superintendent Cecil Davis, the court will direct service on the Superintendent for the sole purpose of discovery to identify the unknown correctional officer who worked IDU Eastside recreation on October 24, 2005 and rolled the bars for the second recreation

group at approximately 9:50 a.m. and subsequently signaled other guards to intervene in the attack on Mr. Lampley.

The court cautions Mr. Lampley that after he has conducted discovery on Superintendent Cecil Davis, he will have to file a new complaint which specifically names the correctional officer who collaborated with the inmate who attacked him as well as stating any and all claims he has against that officer and the relief he seeks from him. Mr. Lampley will also have to provide the materials necessary to serve the named correctional officer. The court cautions Mr. Lampley that if he does not amend his complaint, the court will proceed to dismiss his current complaint wherein he has not presented a claim against any named defendant. For the purpose of discovering the names of the proper defendant to this lawsuit, the court will establish a scheduling order fixing the deadlines for discovery and the filing of an amended complaint.

For the foregoing reasons, the court:

(1) **GRANTS** Tommy E. Lampley leave to proceed against Superintendent Cecil Davis for the sole purpose of discovery to identify the unknown correctional officer who worked IDU Eastside recreation on October 24, 2005 and rolled the bars for the second recreation group at approximately 9:50 a.m. and subsequently signaled other guards to intervene in the attack on Mr. Lampley;

(2) **DISMISSES** Officer John Doe, Officer Bus, and Lt. John Doe;

(3) **DIRECTS** the clerk to ensure that a copy of this order is served on Superintendent Cecil Davis along with the summons and complaint;

(4) **DIRECTS** the United States Marshals Service to effect service of process on Superintendent Cecil Davis;

(5) **ORDERS** Superintendent Cecil Davis to appear and respond to discovery for the sole purpose of identifying the unknown correctional officer who worked IDU Eastside recreation on October 24, 2005 and rolled the bars for the second recreation group at approximately 9:50 a.m. and subsequently signaled other guards to intervene in the attack on Mr. Lampley;

(6) **WAIVES** Superintendent Cecil Davis' obligation to file an answer pursuant to 42 U.S.C. § 1997e(g)(2);

(7) **DIRECTS** the clerk to place the cause number of this case on a blank 42 U.S.C. § 1983 Prisoner Complaint form and mail it to Mr. Lampley along with a copy of this order; and

(8) **ENTERS** the following scheduling order, which, pursuant to Federal Rule of Civil Procedure 16(b), shall not be modified except upon a showing of good cause: all discovery shall be initiated by February 28, 2006, and any amendments to the pleadings shall be accomplished by April 28, 2006.

**IT IS SO ORDERED.**

**ENTERED: January   27  , 2006**

**S/ ALLEN SHARP**
**ALLEN SHARP, JUDGE**
**UNITED STATES DISTRICT COURT**