# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| TOMMY E. LAMPLEY, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) | CAUSE NO. 3:05-CV-808 AS |
| v. | ) |  |
|  | ) |  |
| OFFICER JOHN DOE, *et al.*, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## *OPINION AND ORDER*

Tommy E. Lampley, a *pro se* prisoner, filed a motion to amend. Mr. Lampley had previously been granted

> leave to proceed against Superintendent Ed Buss for the sole purpose of discovery to identify the name and address for service of process of the unknown correctional officer who worked IDU Eastside recreation on October 24, 2005 and rolled the bars for the second recreation group at approximately 9:50 a.m. and subsequently signaled other guards to intervene in the attack on Mr. Lampley

docket # 22 at 2. Mr. Lampley now states that he has identified that unknown correctional officer, therefore the motion to amend will be granted and Ed Buss will be dismissed.

Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. PRO. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under

§ 1915A as when addressing a motion under Rule 12(b)(6). *Weiss v. Cooley*, 230 F.3d 1027 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
>
> In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Mr. Lampley alleges that he was attacked by another inmate. Under the Eighth Amendment, "prison officials have a duty to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (citations and internal punctuation omitted). When one inmate attacks another, the Eighth Amendment is violated only if "deliberate indifference by prison officials effectively condones the attack by allowing it to happen . . .." *Halley v. Gross*, 86 F.3d 630, 640 (7th Cir. 1996).

> [C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, *i.e.,* the defendant must have known that the plaintiff was at serious risk of being harmed and

2

> decided not to do anything to prevent that harm from occurring even though he could have easily done so.

*Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (quotation marks, brackets, and citation omitted).

> Negligence on the part of an official does not violate the Constitution, and it is not enough that he or she should have known of a risk. Instead, deliberate indifference requires evidence that an official actually knew of a substantial risk of serious harm and consciously disregarded it nonetheless.

*Pierson v. Hartley*, 391 F.3d 898, 902 (7th Cir. 2004) (citations omitted). Deliberate indifference is "something approaching a total unconcern for [the plaintiff's] welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm." *Duane v. Lane*, 959 F.2d 673, 677 (7th Cir. 1992). This total disregard for a prisoner's safety is the "functional equivalent of wanting harm to come to the prisoner." *McGill v. Duckworth*, 944 F.2d 344, 347 (7th Cir. 1991). It is not enough to show that a defendant merely failed to act reasonably. *Gibbs v. Franklin*, 49 F.3d 1206, 1208 (7th Cir. 1995). Deliberate indifference can be inferred only where defendants know there is a strong likelihood rather than a mere possibility that violence will occur. *Watts v. Laurent*, 774 F.2d 168, 172 (7th Cir. 1985). Prison officials cannot be expected to eliminate the possibility of all attacks because the prison system is always potentially dangerous and sometimes explosive. *McGill v. Duckworth*, 944 F.2d 344, 345 (7th Cir. 1991) ("Prisons are dangerous places"). Thus, the right to reasonable protection does not include the right to protection from random acts of violence. *See, McGill v. Duckworth*, 944

F.2d 344, 348 (7th Cir. 1991) ("some level of brutality . . . among prisoners is inevitable no matter what guards do").

Mr. Lampley alleges that while John S. Perney worked IDU Eastside recreation on October 24, 2005, he knowingly let an armed inmate hide outside of his cell so that he could attack Mr. Lampley. He alleges that John S. Perney watched the attack, smiled, laughed, and delayed calling other guards to stop the attack. This alleges far more than deliberate indifference, this alleges that John S. Perney collaborated with the inmate attacker to facilitate and perpetuate the attack. This states an individual capacity, monetary claim for compensatory and punitive damages.

Mr. Lampley also alleges that Dr. Michael Mitcheff denied him physical therapy which was recommended by the emergency room physician who saw him after he was attacked. He alleges that Dr. Mitcheff withdrew access to his wheelchair and his hand splint while he still needed them. In medical cases, the Eighth Amendment test is expressed in terms of whether the defendant was deliberately indifferent to the plaintiff's serious medical needs. *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention, and if untreated could result in further significant injury or unnecessary pain, and that significantly affects the person's daily activities or features chronic and

substantial pain. *Gutierrez v. Peters*, 111 F.3d at 1373. But even medical malpractice and incompetence do not state a claim of deliberate indifference. *Walker v. Peters*, 233 F.3d 494 (7th Cir. 2000). "Under the Eighth Amendment, [a prisoner] is not entitled to demand specific care. She is not entitled to the best care possible." Forbes v. Edgar, 112 F.3d 262, 267 (7th Cir.1997).

Here, Mr. Lampley wanted physical therapy and he wanted to continue using a wheel chair and hand splint longer than prescribed. Different doctors select different courses of treatment. Mr. Lampley objects to Dr. Mitcheff's decision not to utilize physical therapy as recommended by the emergency room physician, but Mr. Lampley is not entitled to demand specific care and he is not entitled to the best care possible. Dr. Mitcheff's decision concerning physical therapy may have been wrong, it may have been unreasonable, it may even have been medical malpractice, but based on the facts alleged in this complaint, there is no indication that it was deliberately indifferent. So too, with his decision to discontinue the wheel chair and hand splint.

Based on the facts alleged by Mr. Lampley, he was seen and treated, albeit not as he would have wished. He alleges that he has been injured as a result of Dr. Mitcheff's treatment decisions. These facts may state a claim for negligence or medical malpractice, but they do not state a claim of deliberate indifference. Therefore the denial of medical care claim against Dr. Mitcheff will be dismissed.

Mr. Lampley also filed a motion seeking to be appointed counsel. "If . . . the indigent has made no reasonable attempts to secure counsel . . ., the court should deny any § 1915(d) motions outright." *Jackson v. County of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992). At the time that Mr. Lampley attempted to solicit representation, he had not yet identified a defendant for the only viable claim that he had and his complaint included numerous other allegations which did not state a claim. Such an effort is not a reasonable attempt to obtain counsel on his own. Because he has not demonstrated that he has made a reasonable attempt to obtain counsel on his own, the motion for appointment of counsel will be denied.

For the foregoing reasons, the court:

(1) **GRANTS** the motion to amend (docket # 33);

(2) **GRANTS** Tommy E. Lampley leave to proceed against John S. Perney in his individual capacity for monetary and punitive damages for violations of his Eighth Amendment right to be free from cruel and unusual punishment on October 24, 2005 when he collaborated with an inmate attacker to facilitate and perpetuate an attack on Mr. Lampley;

(3) **DISMISSES** all other claims;

(4) **DISMISSES** Superintendent Ed Buss and Dr. Michael Mitcheff;

(5) **DENIES** the motion for appointment of counsel (docket # 35);

(6) **DIRECTS** the clerk to transmit the summons and USM-285 for John S. Perney to the United States Marshals Service along with a copy of this order and a copy of the amended complaint (docket # 33-2);

(7) **DIRECTS** the United States Marshals Service, pursuant to 28 U.S.C. § 1915(d), to effect service of process on John S. Perney; and

(8) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), that John S. Perney respond, as provided for in the Federal Rules of Civil Procedure and N.D. IND. L.R. 10.1, only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

**IT IS SO ORDERED.**

**ENTERED: May  30 , 2006**

                                            **S/ ALLEN SHARP**
                                         **ALLEN SHARP, JUDGE**
                                         **UNITED STATES DISTRICT COURT**